```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GREENBRIER ROYALTY FUND II, LLC,**

    **Plaintiff,**

    v.                                                     **CIVIL NO. 1:21-CV-134**
                                                                                                **(KLEEH)**

**ANTERO RESOURCES CORPORATION,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

Pending before the Court is a partial motion to dismiss the First Amended Complaint. For the reasons discussed herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

The Plaintiff, Greenbrier Royalty Fund II, LLC ("Plaintiff"), brings this action against Defendant Antero Resources Corporation ("Defendant"). Plaintiff is the owner of the oil and gas, or a fraction thereof, in and under several tracts or parcels of land in Doddridge County, Ritchie County, and Tyler County, West Virginia. First Am. Compl., ECF No. 42, at ¶ 6. Defendant is engaged in the development and production of oil and gas in West Virginia. Id. ¶ 213. Plaintiff and Defendant are parties to numerous oil and gas leases relating to the oil and gas owned by Plaintiff. Id. ¶ 212.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

In the First Amended Complaint, Plaintiff alleges that Defendant improperly paid royalties to Plaintiff under the contractual terms of the leases. Id. ¶ 218. Defendant has allegedly done so by unlawfully deducting costs from royalties and by failing to pay royalties for production and sale of natural gas liquids ("NGLs"). Id. ¶¶ 218-45. Plaintiff further asserts that Defendant concealed its production of NGLs. Id. ¶¶ 246–57. Finally, Plaintiff asserts that Defendant violated certain statutory protections under West Virginia law. Id. ¶¶ 258–77.

Plaintiff brings three causes of action: (1) Breach of Contract, (2) Violation of W. Va. Code § 37C-1-1, et. seq., and (3) Fraudulent Misrepresentation and Constructive Fraud. Defendant filed a partial motion to dismiss, which is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

"not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### III. DISCUSSION

As discussed herein, the Court finds that Count Three should be dismissed in its entirety, Count Two should not be dismissed, and Count One should be dismissed to the extent that it requests a declaratory judgment.

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 4 of 16   PageID #: 1430

GREENBRIER ROYALTY FUND II V. ANTERO                              1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

**A.  Because Count Three is barred by the Gist of the Action Doctrine, it is dismissed.**

In Count Three, Plaintiff asserts a claim of Fraudulent Misrepresentation and Constructive Fraud.  It argues that Defendant violated its statutory, legal, and equitable duties by acting deceptively and fraudulently.  Specifically, Plaintiff asserts that Defendant intentionally and willfully did not provide truthful information to Plaintiff about production of oil and gas, that Defendant falsely reported information about NGLs, that Defendant provided falsely reported royalty statements to Plaintiff, and that Defendant improperly concealed its extraction and sale of NGLs.  Defendant has moved to dismiss the claim, arguing that it is (1) barred by the Gist of the Action Doctrine, (2) barred by the applicable statute of limitations, and (3) insufficiently pled.  The Court finds that Count Three is barred by the Gist of the Action Doctrine and need not consider the alternative arguments in support of dismissal.

Under West Virginia law, "[i]f the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading."  Cochran v. Appalachian

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 5 of 16   PageID #: 1431

GREENBRIER ROYALTY FUND II V. ANTERO                              1:21-CV-134

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]

Power Co., 246 S.E.2d 624, 628 (W. Va. 1978). The purpose of the Gist of the Action Doctrine is to "prevent the recasting of a contract claim as a tort claim." See Rodgers v. Sw. Energy Co., No. 5:16-CV-54, 2016 WL 3248437, at *4 (N.D.W. Va. June 13, 2016) (citing Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 115 (4th Cir. 2015)).

Under the Gist of the Action Doctrine, "a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 722 (N.D.W. Va. 2018) (quotation marks omitted) (citing Secure US, Inc. v. Idearc Media Corp., No. 1:08CV190, 2008 WL 5378319, at *3-4 (N.D.W. Va. Dec. 24, 2008) (quoting Syl. Pt. 9, Lockhart v. Airco Heating & Cooling, 567 S.E.2d 619 (W. Va. 2002)). The Supreme Court of Appeals has found that "recovery in tort will be barred" where any of the following four factors is present:

> (1) where liability arises solely from the contractual relationship between the parties;
>
> (2) when the alleged duties breached were grounded in the contract itself;
>
> (3) where any liability stems from the contract; and
>
> (4) when the tort claim essentially duplicates the breach of contract claim

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 6 of 16   PageID #: 1432

**GREENBRIER ROYALTY FUND II V. ANTERO**                1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

>     or where the success of the tort claim is
>     dependent on the success of the breach of
>     contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013). A plaintiff may not maintain a separate tort claim if the defendant's "obligations are defined by the terms of the contract" between the parties. Id. (citation omitted).

As recently as 2018, this Court applied the Gist of the Action Doctrine in a factually similar case, and in 2023, the decision was deemed "well-supported" by the United States Court of Appeals for the Fourth Circuit. See Corder v. Antero Res. Corp., 57 F.4th 384, 404 n.12 (4th Cir. 2023). In Corder, this Court wrote,

>     Here, the alleged fraud arises solely from the
>     contractual relationship between the
>     plaintiffs and the defendants (i.e., the
>     leases at issue). As noted, the plaintiffs'
>     fraud claims are grounded in allegations that
>     the defendants have made material
>     misrepresentations related to royalties owed
>     to the plaintiffs under the relevant leases,
>     and that the defendants have wrongfully
>     reduced the plaintiffs' royalty payments. It
>     is clear that the misrepresentations alleged
>     in the amended complaints all relate to
>     royalty payments owed to the plaintiffs and
>     are thus directly tied to the duties and
>     obligations assumed in the relevant leases.
>     Gaddy, 746 S.E.2d at 586. In other words, the
>     claims do not arise independently of the
>     existence of a contract. CWS Trucking, 2005
>     WL 2237788, at *2. Rather, Antero's alleged
>     liability for these claims "stems from" the

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 7 of 16   PageID #: 1433

GREENBRIER ROYALTY FUND II V. ANTERO                           1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

>   leases and the plaintiffs' fraud claims
>   against Antero thus are barred by the gist of
>   the action doctrine.

Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 723 (N.D.W. Va. 2018), aff'd, 57 F.4th 384 (4th Cir. 2023).

Here, as in Corder, Plaintiff claims that Defendant made material misrepresentations related to royalties owed to Plaintiff under the relevant leases and that Defendant wrongfully reduced Plaintiff's royalty payments. Additionally, as in Corder, "the misrepresentations . . . all relate to royalty payments owed to the plaintiff[] and are thus directly tied to the duties and obligations assumed in the relevant leases." Corder, 322 F. Supp. at 723 (citing Gaddy, 746 S.E.2d at 586). In other words, again, "the claims do not arise independently of the existence of a contract." Id. Rather, Defendant's "alleged liability 'stems from' the leases" here as well. Id.

Plaintiff argues that Defendant has independent statutory and common law duties not to commit fraud, but Corder makes clear that the type of fraud alleged can fall within the Gist of the Action Doctrine. To the extent that Plaintiff argues that the Gist of the Action Doctrine should not be applied at this stage of litigation, the Court notes that the Fourth Circuit took no issue with application of the doctrine at the pleading stage in Corder.

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 8 of 16   PageID #: 1434

GREENBRIER ROYALTY FUND II V. ANTERO                          1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

Here, the Gaddy factors necessitate application of the Gist of the Action Doctrine. Defendant's liability to Plaintiff arises from the contractual relationship between the parties. The duties allegedly breached were grounded in the leases, and the success of the Fraudulent Misrepresentation and Constructive Fraud claim is dependent upon the success of the breach of contract claim. In other words, without a breach of the leases, Plaintiff cannot succeed on a claim of Fraudulent Misrepresentation and Constructive Fraud. This Court recently reached the same conclusion in Allen v. Antero Resources Corp., No. 1:22-CV-56, 2024 WL 778396 (N.D.W. Va. Feb. 26, 2024). The Court finds that Count Three is barred by the Gist of the Action Doctrine. Defendant's motion to dismiss is **GRANTED** in this respect, and Count Three is **DISMISSED.**

> **B. Because Plaintiff has sufficiently alleged that Defendant violated section 37C-1-1 of the West Virginia Code, Count Two is not dismissed.**

In Count Two, Plaintiff brings a cause of action pursuant to section 37C-1-1, et. seq., of the West Virginia Code, asserting that Defendant failed to comply with section 37C-1-1. Specifically, Plaintiff alleges that Defendant has failed to provide required information to Plaintiff and failed to make timely payments. Defendant argues that Plaintiff's claim should be

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

dismissed because Plaintiff failed to plead compliance with section 37C-1-1's condition precedent. Defendant also argues that Plaintiff's claim is moot because Defendant sent the requested information to Plaintiff in a letter dated June 30, 2023. Finally, Defendant argues that Plaintiff lacks a private right of action and is barred from recovery, and that the claim is insufficiently pled.

### 1. Condition Precedent and Mootness

Section 37C-1-1 requires operators to provide royalty interest holders with certain information on their royalty check statements, including gas volume, gas quality, gross value of proceeds from gas sales, and deductions for post-production expenses. It imposes a condition precedent on parties seeking a private right of action for an operator's alleged failure to provide such information on their royalty statements:

> An interest owner who does not receive the information required to be provided under this section in a timely manner may send a written request for the information by certified mail. Not later than the 60th day after the date the operator or producer receives the written request for information under this section, the operator or producer shall provide the requested information to the interest owner. If the interest owner makes a written request for information under this section and the operator or producer does not provide the information within the 60-day period, the interest owner may bring a civil action

9

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 10 of 16   PageID #: 1436

GREENBRIER ROYALTY FUND II V. ANTERO                          1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

> against the operator or producer to enforce the provisions of this section, and a prevailing interest owner shall be entitled to recover reasonable attorneys' fees and court costs incurred in the civil action.

W. Va. Code § 37C-1-1(b).

Here, Plaintiff pleads that it informed Defendant, by letter dated May 1, 2023, that Defendant had failed to comply with the Act and requested the required information. See Exh. 75, First Am. Compl., at ECF No. 42-75. Defendant claims that it sent all requested information to Plaintiff in a letter dated June 30, 2023. See Exh. 1, Memo. in Support, at ECF No. 61-1. Plaintiff filed the First Amended Complaint on August 28, 2023. In it, Plaintiff does not mention Defendant's letter. Plaintiff pleads that "[Defendant] has failed to provide the information required by the Act, including but not limited to: Total number of MCF, MMBTU, or DTH of natural gas; and volume of natural gas liquids produced from each well and sold; gross value of the total proceeds from the sale; and the aggregate amount of deductions which affected GRFII's payment and which are allowed by law." First Am. Compl., ECF No. 42, at ¶ 262.

Based on the described timeline, the Court finds that Plaintiff satisfied the condition precedent by pleading that it sent Defendant a request and Defendant did not provide the

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 11 of 16   PageID #: 1437

**GREENBRIER ROYALTY FUND II V. ANTERO**                        1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

requested information. Plaintiff was not required to plead that Defendant responded. Plaintiff clearly believes that any response it received was deficient. Accordingly, the Court disagrees with Defendant's argument that Count Two should be dismissed for failure to plead compliance with a condition precedent. Taking Plaintiff's allegations as true, the Court also disagrees with Defendant's contention that the issue is moot.

### 2. Independent Cause of Action and Sufficiency of Pleading

Defendant further argues that section 37C-1-3 does not create an independent cause of action, and that it is insufficiently pled. In McArdle v. Antero Resources Corp., No. 1:22-CV-01, 2024 WL 1287617, at *3 (N.D.W. Va. Mar. 26, 2024), this Court held that section 37-1-3 does not create an independent cause of action. The Court's holding in McArdle was consistent with its decision in Armstrong v. Antero Resources Corp., Case No. 1:19-CV-173, at ECF No. 28.

In response, Plaintiff asks the Court to reconsider its prior decisions. It argues that section 37C-1-3 creates an implied private cause of action in favor of interest owners, such as Plaintiff, to compel the payment of penalty interest. Plaintiff argues that the factors set forth in Hurley v. Allied Chemical

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 12 of 16   PageID #: 1438

GREENBRIER ROYALTY FUND II V. ANTERO                              1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

Corp., 262 S.E.2d 757 (W. Va. 1980), weigh in favor of finding that a private cause of action exists pursuant to section 37C-1-3.

The Court need not delve into a full Hurley analysis here because this case is distinguishable from both Mcardle and Armstrong. In both of those cases, the plaintiff(s) specifically pleaded a violation of section 37C-1-3.[1] Here, Plaintiff pleads a violation of section 37C-1-1, et seq., alleging that Defendant violated section 37C-1-1. Section 37C-1-1, in stark contrast to section 37C-1-3, clearly creates a cause of action. See W. Va. Code § 37C-1-1(b) ("[T]he interest owner may bring a civil action against the operator or producer to enforce the provisions of this section, and a prevailing interest owner shall be entitled to recover reasonable attorneys' fees and court costs incurred in the civil action.").

Further, Plaintiff's claim under section 37C-1-1 is sufficiently pled. Plaintiff has pled that "[Defendant] . . . failed to provide the information required by the Act, including but not limited to: Total number of MCF, MMBTU, or DTH of natural gas; and volume of natural gas liquids produced

---

[1] See Mcardle, Case No. 1:22-CV-01, Second Am. Compl., ECF No. 95, at ¶¶ 47, 80-88; see also Armstrong, Case No. 1:19-CV-173, First Am. Compl., ECF No. 1-1, at ¶ 38.

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 13 of 16   PageID #: 1439

**GREENBRIER ROYALTY FUND II V. ANTERO**                               **1:21-CV-134**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

from each well and sold; gross value of the total proceeds from the sale; and the aggregate amount of deductions which affected GRFII's payment and which are allowed by law." First Am. Compl., ECF No. 42, at ¶ 262. This is sufficient to survive a motion to dismiss under Rule 12(b)(6). Accordingly, Defendant's motion to dismiss is **DENIED** with respect to Count Two.

### C. To the extent that Plaintiff requests a declaratory judgment, Count One is dismissed as duplicative.

In Count One, Plaintiff "requests that this Court enter an Order declaring that [Defendant] is required to pay future royalties to [Plaintiff] based upon prices received on the actual sale of natural gas and natural gas liquids at the point of sale[.]" First Am. Compl., ECF No. 42, at ¶ 286. Defendant argues that Plaintiff lacks standing to assert this claim and, in the alternative, that the request should be dismissed as duplicative.

"The Declaratory Judgment Act, 28 U.S.C. § 2201, creates a remedy, not a substantive cause of action. Its operation 'is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.'" Goodno v. Antero Res. Corp., No. 5:20-CV-100, 2020 WL 13094067, at *3 (N.D.W. Va. 2020) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). "Its purpose is to allow

Case 1:21-cv-00134-TSK   Document 75   Filed 08/30/24   Page 14 of 16   PageID #: 1440

GREENBRIER ROYALTY FUND II V. ANTERO                            1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

'prospective defendants to due to establish their nonliability,' not create a substantive tack-on claim for an already-existing plaintiff who is adjudicating an already-live issue." Id. (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959)).

"When declaratory relief would be duplicative of claims already alleged, dismissal is warranted." Chevron U.S.A. Inc. v. Apex Oil Co., Inc., 113 F. Supp. 3d 807, 824 (D. Md. 2015) (citation omitted). A claim for declaratory relief is duplicative "where the same conduct underlies claims for declaratory judgment and breach of contract[.]" Geist v. Hispanic Info. & Telecomms. Network, Inc., No. PX-16-3630, 2018 WL 1169084, at *7 (D. Md. Mar. 6, 2018).

In Goodno, the plaintiffs sought a declaratory judgment from the Court that "Antero is required to pay future royalties to Plaintiffs and the Class members under the Class Leases at issue, based upon prices received by Antero on its sale of natural gas and natural gas liquid products at the point of sale, without deduction of post-production costs." Compl., Goodno, No. 5:20-cv-100, 2020 WL 13094067, ECF No. 1, at ¶ 37. The Court dismissed the claim as duplicative of plaintiffs' breach of contract claim, reasoning that "[t]he declaratory judgment count . . . seeks a declaration that Antero did exactly that with which they are

Case 1:21-cv-00134-TSK Document 75 Filed 08/30/24 Page 15 of 16 PageID #: 1441

GREENBRIER ROYALTY FUND II V. ANTERO               1:21-CV-134

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

charged in the breach of contract count" and "is not a freestanding claim" because "the issue it raises is already a part of what is squarely presented in this case." Goodno, 2020 WL 13094067, at *4. The Court reached the same conclusion in Allen, 2024 WL 778396. The Court agrees with Defendant that the same issue is presented here. Because the declaratory judgment request is duplicative of the breach of contract claim, the motion to dismiss is **GRANTED** in this respect. Count One is **DISMISSED** to the extent that it requests a declaratory judgment.

## IV. CONCLUSION

For the reasons discussed above, the partial motion to dismiss the First Amended Complaint is **GRANTED IN PART** and **DENIED IN PART** [ECF No. 60]. The Court hereby **ORDERS** as follows:

- Count Three is **DISMISSED WITH PREJUDICE,** and

- Count One is **DISMISSED WITH PREJUDICE IN PART**, to the extent that it requests a declaratory judgment.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S PARTIAL MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 60]**

DATED: August 30, 2024

_/s/ Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA